USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 09/29/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

Plaintiff,

-v-

BABOUCARR MBOOB,

Defendant.

26-cv-3787 (LJL)

ORDER

LEWIS J. LIMAN, United States District Judge:

Defendant has requested that the Court seek the appointment of *pro bono* counsel. The Court finds that the appointment of *pro bono* counsel is appropriate in this case.

In making this finding, the Court has considered both Defendant's good faith but unsuccessful efforts to date to retain counsel, as well as the factors set forth in *Hodge v. Police Officers*, 802 F.2d 58, 61–62 (2d Cir. 1986), which include: "(1) whether the party's claim has substantial merit; (2) whether the nature of the factual issues requires an investigation, and whether the party's ability to investigate is inhibited; (3) whether the claim's factual issues turn on credibility, which benefits from the skills of those trained in presentation of evidence and cross examination; (4) the party's overall ability to present its case; and (5) whether the legal issues presented are complex." *Garcia v. USICE (Dept. of Homeland Sec.)*, 669 F.3d 91, 98–99 (2d Cir. 2011).

The Court finds that the *Hodge* factors weigh in favor of seeking *pro bono* counsel for Defendant. Defendant is a United States citizen who immigrated to this country in 2004 and became a citizen in 2011. Dkt. No. 1 ¶ 7. The United States has initiated this case to revoke Defendant's naturalization under 8 U.S.C. § 1451(a). *See* Dkt. No. 1. It claims: (1) Defendant

committed crimes involving moral turpitude while serving as a member of the National Army in The Republic of The Gambia, including by engaging in the extrajudicial killing of six individuals that the regime of President Yahya Jammeh had designated as "counter-coup plotters"; and (2) he gave false testimony under oath denying his involvement in such crimes. Dkt. No. 1 at 1–2. The Supreme Court has recognized that stripping an individual of citizenship "is an extraordinarily severe penalty." *Klapprott v. United States*, 335 U.S. 601, 612 (1949) (plurality opinion). The case thus presents complex factual and legal questions. Moreover, Defendant's abilities to present his case and conduct any related fact investigation are significantly limited by his lack of resources.

Accordingly, the Court directs the Clerk of Court to attempt to locate *pro bono* counsel to represent Defendant in this case. It should be noted that the Court does not have the authority to "appoint" counsel but, instead, may only "request" that an attorney volunteer to represent a litigant *pro bono*. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301 (1989). There is no guarantee that a volunteer attorney will decide to take the case or that, should the services of the volunteer be declined, the Court will locate another. In either instance, Defendant should be prepared to proceed with the case *pro se*. If an attorney volunteers, *pro bono* counsel will contact Defendant directly as well as Defendant's former counsel, Joseph F. DeFelice, Esq., for any documents necessary to Defendant's representation.

SO ORDERED.

Dated: September 29, 2026
New York, New York

LEWIS J. LIMAN
United States District Judge